**DILLARD PAPER COMPANY,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent.

No. 9664.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 4, 1965.

Decided Feb. 19, 1965.

Claude C. Pierce, Greensboro, N. C. (W. H. Holderness, and McLendon, Brim, Holderness & Brooks, Greensboro, N. C., on brief), for petitioner.

Alec A. Pandaleon, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and Harold C. Wilkenfeld, Attorneys, Department of Justice, on brief), for respondent.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and CHRISTIE, District Judge.

PER CURIAM.

At issue on this appeal is the propriety of a long-term capital loss of $12,918.87 claimed by the taxpayer, Dillard Paper Company, on its federal income tax return for 1958. This loss resulted from the transfer by Dillard of certain securities it owned to the fiduciary of its employees' profit-sharing plan in partial satisfaction of an obligatory contribution to the plan based upon 1957 operations. The Commissioner disallowed the loss, relying upon §§ 267(a) (1) and 267(b) (4) of the Internal Revenue Code of 1954,[1] and assessed an income tax deficiency of $1,735.65 for the taxpayer for 1958. The Tax Court sustained[2] the Commissioner's treatment of the loss, and this appeal followed.

■■ The primary contention of the taxpayer is that the language in § 267 disallowing losses for tax purposes on transfers of property between "[a] grantor and a fiduciary of any trust" is applicable only to property transfers between an *individual* grantor and the fiduciary of a *taxable* trust created by the grantor. In support of this contention, counsel for the taxpayer has directed our attention to the legislative history of § 267 and its predecessor sections and the administrative regulations interpreting the statutory language with which we are now concerned. These items were also called to the attention of the Tax Court judge, and his opinion indicates that he carefully considered the arguments advanced in behalf of the taxpayer. However, he rejected the interpretation of the statutory language suggested by the taxpayer. While the matter is not entirely free from doubt, we think the Tax Court construction of the words "grantor and [trust] fiduciary" is logical and reasonable and in keeping with the general purpose for which § 267 was enacted. Cf. McWilliams v. Commissioner, 331 U.S. 694, 67 S.Ct. 1477, 91 L.Ed. 1750 (1947); Rev.Rul. 61–163, 1961–2 Cum.Bull. 58. Accordingly, the decision of the Tax Court is affirmed.

Affirmed.

1. "SEC. 267. LOSSES, EXPENSES, AND INTEREST WITH RESPECT TO TRANSACTIONS BETWEEN RELATED TAXPAYERS.
"(a) DEDUCTIONS DISALLOWED. —No deduction shall be allowed—
"(1) LOSSES.—In respect of losses from sales or exchanges of property (other than losses in cases of distributions in corporate liquidations), directly or indirectly, between persons specified within any one of the paragraphs of subsection (b).
\* \* \* \* \*
"(b) RELATIONSHIPS.—The persons referred to in subsection (a) are:
\* \* \* \* \*
"(4) A grantor and a fiduciary of any trust; \* \* \*."

2. 42 T.C. 588 (1964).